# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRITVIC SOFT DRINKS, LTD.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2101-CM |
| ) | |
| **FIELD SERVICE 400 LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This case is before the court on plaintiff Britvic Soft Drinks, Ltd.'s Motion for Entry of Judgment (Doc. 48) with respect to defendant James Birch. The Clerk of the Court previously entered default against defendant Birch on May 5, 2005, but later extended his time to answer or otherwise plead. On May 12, 2005, defendant Birch filed an answer *pro se* in this case, but never requested that the court set aside the entry of default.

Defendant Birch then participated in the case for approximately seven months, but notified plaintiff's counsel by e-mail in December 2005 that he would no longer be defending the case. On December 14, 2005, plaintiff filed its motion for default judgment, and defendant Birch did not respond. On January 20, 2006, the court issued an order to show cause why the motion should not be granted as uncontested, and defendant Birch did not respond to the court's order.

Rule 55 authorizes the entry of default when a defendant fails to plead or otherwise defend an action and that fact has been made apparent to the court. Although default technically has not been set

aside with respect to defendant Birch, the court finds that, in the interest of justice, it is appropriate for the Clerk to re-enter defendant Birch's default. Although defendant Birch has appeared in the case, the court finds that he has now failed to "otherwise defend" the case.

The court also finds that judgment for plaintiff is appropriate in this case. Plaintiff's attorney certifies that he served defendant Birch with the motion for default judgment on December 14, 2005. More than three days have passed, as required by Fed. R. Civ. P. 55(b)(2). Plaintiff's attorney has filed an affidavit stating that the amount of indebtedness owed by defendant Birch as a result of his tortious conduct is $1,034,247.58. But plaintiff's counsel does not purport to have personal knowledge of the amount of damages owed in this case. Without a proper sworn affidavit, the court will need to conduct a hearing on the amount of damages that is appropriate.

**IT IS THEREFORE ORDERED** that plaintiff Britvic Soft Drinks, Ltd.'s Motion for Entry of Judgment (Doc. 48) is granted. The Clerk of the Court is ordered to enter default against defendant James Birch.

**IT IS FURTHER ORDERED** that unless plaintiff provides the court with proper evidence of damages before February 14, 2006, the court will conduct a hearing on damages on February 28, 2006, at 9:30 a.m.

Dated this 8th day of February 2006, at Kansas City, Kansas.

              **s/ Carlos Murguia**
              **CARLOS MURGUIA**
              **United States District Judge**