IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRITVIC SOFT DRINKS, LTD.,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 05-2101-CM |
| ) | |
| **FIELD SERVICE 400 LLC;** ) | |
| **JAMES BIRCH; et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This closed case is now before the court on defendant James Birch's motion to vacate judgment pursuant to Rule 60(b)(4) (Doc. 70). Defendant Birch originally appeared *pro se*, filing two answers to the complaint and actively participating in the case for approximately seven months. In both of his answers, he alleged that the court lacked subject matter jurisdiction. Eventually, he notified plaintiff's counsel that he no longer intended to participate in the litigation.

The complaint, filed in 2005, alleged that the court had diversity jurisdiction. It alleged that plaintiff was a citizen of the United Kingdom, and then listed the citizenship of all defendants (United States citizens) except defendant Birch. Defendant Birch, however, is also a citizen of the United Kingdom. After defendant Birch stopped participating in the case, the Clerk of the Court entered his default for failure to "otherwise defend." The court then entered default judgment against defendant Birch in an amount exceeding one million dollars. Implicit in the court's entry of default judgment was a finding that the court had diversity jurisdiction over the case—a finding that is at least arguably in error because both plaintiff and defendant Birch are aliens. *See* 28 U.S.C. § 1332(a)(2), (a)(3);

*Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (assuming that a United States citizen must appear on both sides of a dispute for diversity jurisdiction).  Defendant Birch alleges that the court lacked subject matter jurisdiction over the case because an alien appeared on both sides of the dispute with no United States citizen on the plaintiff's side.  Plaintiff appears to concede that this situation would deprive the court of jurisdiction.  The parties' position is largely supported by case law, although there may be some room for discussion.  But for purposes of this order, the court assumes that it lacked subject matter jurisdiction.  *See generally* 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3661 (3d ed.) (discussing case law addressing "Citizen and Alien vs. Alien" litigation).

The critical question is this:  Does this assumed error require the court to vacate the judgment as void, or is the judgment merely voidable if challenged directly (as opposed to collaterally, in a Rule 60(b)(4) motion)?  To answer this question, the court must determine whether there was an arguable basis for jurisdiction.

"Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."  *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010).  The court must have engaged in "a plain usurpation of power" in "wrongfully extend[ing] its jurisdiction beyond the scope of its authority."  *Gschwind*, 232 F.3d at 1346.  The court may (in fact, must) determine its own jurisdiction, and does not "plainly usurp jurisdiction when it merely commits an error" in making that determination.  *Mo. Pac. R.R. Co. v. Cartwright Transfer & Storage, Inc.*, No. 91-5008, 1992 WL 138487, at *4 (10th Cir. June 16, 1992).

In this case, defendant Birch had notice of the suit; actively participated for approximately seven months; affirmatively decided to cease participation; and elected not to pursue his subject matter

jurisdiction defense—despite having raised it in two answers.  After the court entered default judgment against him, he could have moved to set aside the default judgment under Rule 55(c) or appealed the court's exercise of subject matter jurisdiction.  Instead, defendant Birch waited to collaterally challenge the judgment until six years after its entry.  This case does not represent the typical default judgment situation, where a party never appeared in the case.  Neither does it represent a situation in which the court lacked personal jurisdiction over the party because the party was never properly served.  *See, e.g.*, *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008).

Moreover, the complaint asserted that diversity jurisdiction was present, although it omitted defendant Birch's citizenship.  And the Tenth Circuit in *Gschwind* noted that the requirement that a United States citizen appear on both sides of a case when foreign citizens are on both sides was not apparent from a plain reading of 28 U.S.C. § 1332(a)(2).  At most, the court erred—but did not commit a usurpation of power—when it exercised diversity jurisdiction over this case.

The court determines that this case does not present one of those rare instances in which an error in the exercise of jurisdiction renders the judgment void.  No collateral attack is permitted, and the court denies defendant Birch's motion.

**IT IS THEREFORE ORDERED** that the Motion of Defendant James Birch to Vacate and Set Aside Judgment Under Fed. R. Civ. P. Rule 60(b)(4) (Doc. 70) is denied.

Dated this 9th day of August, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
